FILED
SEP 21 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jesse Wayne Reid, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ray Mabus, *et al.*, )<br>)<br>Defendants. ) | Case: 1:15-cv-01537  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 9/21/2015<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff seeks a writ of mandamus to compel the United States Navy to investigate his claim that the "Navy Sea Systems Command in Washington, D.C." sent "a wireless signal via satellite in real time to harass him electronically using synthetic technology because of law suits he filed against the federal government." Compl. for a Writ of Mandamus ¶ 2. Plaintiff also seeks $10 million in money damages, but the mandamus statute does not provide a remedy for damages.

Notwithstanding the frivolous nature of the claim, the petition presents no basis for issuing the writ. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)

1

N/

(citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). And the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted).

A separate order of dismissal accompanies this Memorandum Opinion.

Date: September /6, 2015

/s/
United States District Judge